Matter of Royal P. (Danny P.) (2019 NY Slip Op 03894)





Matter of Royal P. (Danny P.)


2019 NY Slip Op 03894


Decided on May 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2019

Gische, J.P., Kahn, Gesmer, Singh, Moulton, JJ.


9330

[*1]In re Royal P., A Child Under Eighteen Years of Age, etc., Danny P., Respondent-Appellant, Administration for Child Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Julie Steiner of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, New York County (Jane Pearl, J.), entered on or about February 1, 2018, to the extent it found that respondent father neglected the subject child, unanimously reversed, on the law, without costs, and the petition dismissed.
In a child protective hearing, proof that a caretaker repeatedly misuses a drug, to the extent that it has or would ordinarily have the effect of producing a substantial state of stupor or the like, is prima facie evidence of neglect (Family Ct Act § 1046[a][iii]). Assuming without deciding that the petitioner established a prima facie case, the respondent must offer a satisfactory explanation to rebut the evidence of neglect. (Matter of Philip M., 82 NY2d 238 [1993]). In this case, respondent father successfully rebutted the inference of neglect, and the evidence failed to establish that the physical, mental or emotional condition of the child was impaired or placed at imminent risk of impairment. We reach this conclusion regardless of whether his participation in court-ordered substance abuse treatment was voluntary within the meaning of the statute (Family Ct Act § 1046[a][iii]). The record shows that the child was well cared for, healthy, and well fed and clothed, and that his medical needs were addressed. Although respondent tested positive for alcohol and cocaine on several occasions, the child was in the care of a resident babysitter on those occasions, and he never used or was under the influence of drugs or alcohol in the child's presence. There is no evidence in the record that respondent was under the influence of drugs or alcohol when visited by caseworkers when the child was in his care.
There is also no evidence that the child was in imminent danger of becoming impaired as [*2]a result of respondent's drug or alcohol use (see Family Court Act § 1012[f][i]; Nicholson v Scoppetta, 3 NY3d 357, 369 [2004] [the "focus (is) on serious harm or potential harm to the child, not just on what might be deemed undesirable parental behavior"]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 16, 2019
DEPUTY CLERK